**Estill (Peanut) BENGE, Movant, v. COM-MONWEALTH of Kentucky, Opposed.**

Court of Appeals of Kentucky.
June 12, 1953.

Lewis & Weaver, of London, for movant.

J. D. Buckman, Jr., Atty. Gen., and Wm. F. Simpson, Asst. Atty. Gen., for opposed.

PER CURIAM.

Motion for an appeal from the Laurel Circuit Court by Estill (Peanut) Benge from a judgment convicting him of the possession of liquor for the purpose of sale in local option territory and fixing his punishment at a fine of $60 and confinement in the county jail for 30 days.

A consideration of the facts disclosed by the record and the authorities cited in the briefs discloses no error prejudicial to movant's substantial rights and the judgment is affirmed.

**McCREDIE v. LLOYD et al.**

Court of Appeals of Kentucky.
June 12, 1953.

Fred J. Karem and J. P. Karem, Louisville, for appellant.

Woodward, Hobson & Fulton, Louisville, for appellees.

MILLIKEN, Justice.

This case involves an action by a father for $50,000 damages against his daughter and son-in-law for having him committed to the Central State Hospital allegedly without reasonable cause therefor. The appellees, defendants below, answered "that on the 27th day of October, 1950, and after the proceedings complained of in the petition, the plaintiff (appellant) executed an agreement whereby plaintiff released the defendants (appellees), and each of them, from any and all claims which he may have against the defendants." The release, which was filed as an exhibit, settled the disposition of listed personal property between the litigants and concluded, "In consideration of the foregoing, and for other valuable consideration, first party hereby releases second parties from any and all claims which he may have against them," and was executed in the presence of counsel of the respective parties and also signed by them.

When the appellant filed a reply denying all of the affirmative allegations of the appellees' answer, the appellees moved the court to dismiss the reply as a sham pleading, which the court did after appellant admitted the execution of the release. When the appellant refused to plead further, the trial judge dismissed his petition.

By its terms, the release is a complete defense to the action and, since its execution was admitted and no allegation of misrepresentation or fraud in its procurement or other affirmative matter pleaded, the trial judge ruled properly.

The judgment is affirmed.